UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GEORGE S. C.,

    Plaintiff,

v.

ANDREW SAUL,

    Defendant.

Case No. 20-cv-06218-RMI

**ORDER**

Re: Dkt. Nos. 17, 22

Now pending before the court in this Social Security case are two motions seeking remand under sentence six of 42 U.S.C. § 405(g) – Plaintiff's Motion for Summary Judgment (dkt. 17) (seeking a remand with instructions for immediate payment of benefits), and Defendant's Motion for Remand (dkt. 22) (seeking a remand for further proceedings). Both Parties have consented to the jurisdiction of a magistrate judge (dkts. 4, 10), the Administrative Record[1] has been filed, and all briefing is complete and the case is now ripe for decision. For the reasons stated below, Plaintiff's motion is granted in part and denied in part, and Defendant's motion is granted such that the case is remanded for further proceedings.

On April 28, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, alleging an onset date of December 31, 2012. *See* AR at 59. After winding its way through the administrative process, Plaintiff's 2016 application became the subject of a denial that was memorialized in a written decision by an Administrative Law Judge ("ALJ") on May 16, 2019. *Id*. at 64. In issuing the adverse decision on Plaintiff's 2016 application, the ALJ entered the following findings and conclusions: (1) that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2012; (2) that he had not engaged in substantial gainful activity during the relevant

---

[1] The Administrative Record ("*AR*"), which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #16. *See* (dkts. 16-1 through 16-10).

period; (3) that through the date last insured, Plaintiff had two medically determinable impairments (probable diabetes mellitus and hypertension) but that neither impairment was severe; and, (4) that Plaintiff was therefore found to be not disabled at Step Two of the sequential evaluation process. *Id*. at 61-64. Thereafter, on July 9, 2020, the Appellate Council issued a written decision affirming the ALJ's finding of non-disability. *Id*. at 6-8. Several weeks later, on September 2, 2020, Plaintiff sought review in this court. *See* Compl. (dkt. 1) 1-2.

Meanwhile, during the course of 2020, Plaintiff filed a second DIB application. *See* Def.'s Mot. (dkt. 22) at 3; *see also* Pl.'s Mot., Exh. (dkt. 17-1) at 1-3. Then, on October 6, 2020, just a few weeks after Plaintiff initiated this case in this court seeking review of the ALJ's 2019 adverse decision on his 2016 application, the agency issued a "Notice of Award," through which Plaintiff's 2020 application was granted. *Id*. Plaintiff submits that the issuance of the 2020 award notice "should be considered new and material evidence that is clearly irreconcilable with the [2019] unfavorable decision." *See* Pl.'s Mot. (dkt. 17) at 3. Plaintiff then submits that "the evidence in the record does not allow one to conclude that the [2019] denial and the subsequent [2020] award of disability insurance benefits with an onset date of September 2016 are in any way reconcilable." *Id*. However, rather than dismiss this case (which entails a review of the ALJ's 2019 adverse decision) or to ask for a remand for further proceedings on the 2016 application, Plaintiff submits that "remand for payment [as to the 2016 application] is appropriate where there are no outstanding issues to be resolved." *Id*. at 4.

Defendant, on the other hand, submits that further proceedings are required because "it is not clear that the appropriate date last insured was the date for a blind individual, or March 2024, as neither of the doctors who reviewed the record, not the ALJ or the Appeals Council, found [that] Plaintiff met the listing and was statutorily blind on his first application[,] [a]nd, it is unclear what changes, if any, precipitated the grant of benefits on Plaintiff's subsequent application." *See* Def.'s Mot. (dkt. 22) at 4. In short, Defendant submits several reasons why further proceedings are necessary: (1) it is unclear what, if any, additional evidence underlies Plaintiff's 2020 Notice of Award (and, if there is such additional evidence, it is not part of the record before this court); (2) further proceedings are necessary to allow the agency to make determinations regarding Plaintiff's

2

date last insured and whether (and when) he met the required criteria for statutory blindness, in order to reconcile the two decisions; and, (3) based on the fact that the 2019 ALJ decision found Plaintiff not disabled at Step Two, coupled with the fact that the 2020 award involves a different onset date, Defendant submits that "[b]ased on this record, there is insufficient evidence to find Plaintiff disabled based on his first application [from 2016]." *Id*. at 7.

Sentence six of 42 U.S.C. § 405(g) provides, in relevant part, that "the court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002) ("Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citation omitted). "New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984) (internal quotation marks and citations omitted) (emphasis omitted)).

While the new evidence involved in this case is a "Notice of Award" on a subsequent DIB application, the court finds this to be a sufficiently analogous situation to those involving a subsequently issued ALJ decision on a subsequent application, in which context the Ninth Circuit has found that a subsequent ALJ's decision is material and warrants remand "where an initial denial and subsequent award [are not] easily reconcilable on the record before the court." *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). Regarding good cause, "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (citing *Booz*, 734 F.2d at 1380).

In this case, both Parties request remand under sentence six so that the ALJ can consider the new and material evidence; namely, the 2020 Notice of Award and any evidence underlying

3

that award (which, as stated, is likely not part of the record before this court). There is no dispute that this evidence is new and material, and that good cause exists for remand, given that the subsequent notice of award post-dates the ALJ's 2019 decision, and also because Defendant effectively concedes materiality and good cause by affirmatively asking for a sentence six remand. Because Defendant does not oppose materiality or good cause, nor has any claim of prejudice been advanced, the court determines that those requirements are satisfied here. *See e.g., Burton v. Heckler*, 724 F.2d 1415, 1417-18 (9th Cir. 1984) ("The good cause requirement often is liberally applied, where, as in the present case, there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary."). Accordingly, the only question is whether further proceedings are necessary (as suggested by Defendant) or whether the court should order a remand for immediate calculation and payment of benefits for the 2016 application (as suggested by Plaintiff).

What is missing from Plaintiff's arguments is *how* the court can reconcile the particulars of the ALJ's 2019 decision with the 2020 notice of award given the different alleged onset dates and the different dates pertaining to when Plaintiff last met the insured status requirements of the Act. Indeed, Plaintiff concedes that the 2019 ALJ decision and the 2020 award are "clearly irreconcilable." *See* Pl.'s Mot. (dkt. 17) at 3. This concession, by itself, counsels in favor of remand for further proceedings. In this Circuit, a second decision may constitute new and material evidence warranting remand of the first ALJ's decision; and, the *Luna* court found that remand was warranted where a second ALJ's favorable disability finding "commenced at or near the time [the plaintiff] was found not disabled based on the first application." *Luna*, 623 F.3d at 1034. That case can be said to stand for "the proposition that, 'in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.'" *Id*. at 1034-35 (quoting *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D. W. Va. 2006) (emphasizing the "tight timeline" from the denial of benefits to the grant of benefits)). In *Luna*, because the court could not "conclude based on the record before [it] whether the decisions concerning Luna were reconcilable or inconsistent," and because "[t]here was only

4

one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application," the court determined that remand for further factual proceedings was warranted. *See id*. at 1034-35 (citing *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003) ("[I]n certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.")).

Here, Plaintiff is asking this court to hold that the 2020 award on the 2020 application (the underlying records of which may not be before this court) conclusively proves that the 2016 application was incorrectly denied by the 2019 decision – justifying remand with instructions to award immediate payment of benefits on the 2016 application without any further administrative proceedings. The court cannot so conclude because there is no indication that the record before this court is complete as to the 2020 application and award; and, because there is no concrete indication that the record has been fully developed, the court cannot conclude that further administrative proceedings would serve no useful purpose. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Further, it should not go without mention that the mere fact of a subsequent decision granting benefits is insufficient to automatically require even a simple remand. In *Bruton*, the Ninth Circuit upheld a district court's order "denying [plaintiff's] motion to remand his benefits application in light of the later award of benefits based on his second application" because the "second application involved different medical evidence, a different time period, and a different age classification," and therefore was "not inconsistent with the first ALJ's denial of Bruton's initial application." *Bruton*, 268 F.3d at 827. Of course, *Luna* distinguished *Bruton* on the basis that in *Bruton*, the "initial denial and subsequent award were easily reconcilable on the record before the court." *See Luna*, 623 F.3d at 1035. Thus, where the two decisions are close in time and either inconsistent or the reviewing court is unable to determine whether they are inconsistent, remand is appropriate. Here, as argued by Defendant, due to deficiencies in the record, the court is unable to determine whether or not these decisions can be reconciled with one another. In this case, the two decisions are both relatively close in time and not easily reconcilable based on the record currently before the court, thus creating a reasonable possibility that the 2020

5

1  award (and its underlying evidence, if any) could change the outcome of the 2019 ALJ decision.
2  *See Bruton*, 268 F.3d at 827.

## CONCLUSION

Because the court is unable at this point to "easily reconcil[e]" the two decisions and the records on which they were based (*Luna*, 623 F.3d at 1035), remand for further proceedings as to the 2016 application is warranted because the record "indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id*. Accordingly, Plaintiff's Motion (dkt. 17) is **GRANTED in part**, and Defendant's Motion for remand (dkt. 22) for further proceedings is **GRANTED**. "In a sentence six remand case, the Court retains jurisdiction following the remand." *See Parquet v. Astrue*, C-96-01855 DLJ, 2011 U.S. Dist. LEXIS 117962, 2011 WL 5030012, at *1 (N.D. Cal. Oct. 11, 2011) (citing *Melkonyan v. Sullivan*, 501 U.S. 89 (1991)). "The statute provides that following a sentence six remand, the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan*, 501 U.S. at 98 (quoting 42 U.S.C. § 405(g)); *see also Carrol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal.1992) ("A sentence six remand judgment . . . is [] always interlocutory and never a 'final' judgment.")). Accordingly, the Commissioner is **ORDERED** to return to this court following completion of the administrative proceedings on remand so that the court may complete any necessary proceedings and enter a final judgement or a dismissal. *See Bagley v. Astrue*, No. C-11-2149EMC, 2012 U.S. Dist. LEXIS 114624, at *20-21 (N.D. Cal. Aug. 14, 2012). The Parties are **ORDERED** to file Joint Status Reports with this court, commencing on August 15, 2022, and continuing every 180 days thereafter until further order of this court.

**IT IS SO ORDERED.**

Dated: February 14, 2022

ROBERT M. ILLMAN
United States Magistrate Judge